UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ROBERT CHARLES PAYNE, JR.**         *         CIVIL ACTION NO. 16-0203

**VERSUS**                            *         MAG. JUDGE KAREN L. HAYES

**SETERUS INC.**                      *

## MEMORANDUM RULING

Before the court is a motion to dismiss [doc. # 28] filed by Defendant Seterus Inc. Plaintiff did not file a brief in opposition. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to this case being referred to Magistrate Judge Karen L. Hayes for final decision. [doc. #34]. For reasons stated below, the motion is **DENIED in Part and GRANTED in Part.**

## Background

On February 12, 2016, Robert Payne Jr., ("Payne") filed the instant suit against Seterus Inc. ("Seterus") for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), and associated regulations. [doc. #1]. On March 21, 2016, Seterus filed a motion to dismiss for failure to state a claim. [doc. #8]. On August 26, 2016, the undersigned provisionally granted Defendant's motion to dismiss, deferring entry of judgment to accord Plaintiff 14 days to seek leave to amend his complaint if he could in good faith do so. [doc. #22].

On September 13, 2016, Payne filed an amended complaint, adding eleven additional paragraphs to his original complaint. Together, the complaint and amended complaint allege that on September 15, 2014, Seterus notified Payne that it had become the servicer and debt collector of his mortgage loan with Fannie Mae. [doc. #1, ¶ 2]. Plaintiff expected to begin receiving

1

monthly statements after his bankruptcy discharge was granted on September 21, 2015. [doc. #27, ¶ 17]. When Payne did not receive any statements, on November 10, 17, 24, and December 2, 2015, he faxed correspondence to Seterus, but received no response. *Id.* ¶ 18. At a cost of $4.94 each time, Payne also sent Seterus a copy of the correspondence by certified mail on November 24, 2015 and December 21, 2015. *Id.* ¶ 9. Payne also uploaded to Seterus' website a copy of his requests. [doc. #1, ¶¶ 7-8]. These correspondences requested that Seterus send him a monthly statement and report his on time payment history to all credit bureaus. *Id.* ¶ 4. Aside from a payoff statement, Payne asserts that Seterus did not respond to any of Payne's requests for information. *Id.* ¶ 10.

In March 2016, Payne ordered a credit report and learned that Seterus was reporting his account 60-89 days past due despite not having sent any statement to that effect to Plaintiff. [doc. #27, ¶ 24]. Payne asserts that he paid more than the monthly amount due each month to be certain there would be no delinquency. *Id.* ¶ 23. Without statements, Payne asserts that he is unable to assess whether he was charged late fees and unable to determine the exact amount of loss which he could have avoided if Seterus would have sent him statements concerning his loans. *Id.* ¶¶ 21, 25. In an attempt to purchase a car for his wife, Payne was recently declined by two companies and eventually had to pay more than 8% per annum on the car loan—much higher than the rates advertised. *Id.* ¶ 26.

Payne contends that all of his communications to Seterus seeking information about his mortgage loan constitute "qualified written requests" under RESPA, thus triggering a five day window for Seterus to provide a written response acknowledging receipt of the correspondence. 12 U.S.C. § 2605(e)(1)(A). He further alleges that Seterus violated 12 U.S.C. § 2605(k)(1)(C) and 12 C.F.R. § 1026.36 by failing to take timely action to correct errors relating to the allocation

of payments. Defendant's failure to credit Payne's payments also allegedly constitutes a violation of TILA, 15 U.S.C. § 1639f. Finally, Plaintiff argues that Defendant failed to provide him with an annual analysis of his escrow account as required by 12 U.S.C. § 2609(c)(2).

On September 23, 2016 , Seterus filed a motion to dismiss Payne's amended complaint, arguing only that Plaintiff has failed to allege damages to support a claim under 12 U.S.C. § 2605(f). [doc. #28]. Payne did not file an opposition.[1] Thus, the matter is before the Court.

## Law and Analysis

### I. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

---

[1] Local Rules require a respondent who opposes a motion to file a response, including opposing affidavits, memoranda, and such supporting documents as are then available, within 21 days after service of the motion. LR 7.5. However, the Fifth Circuit has reversed a district court's Rule 12(b)(6) dismissal of a plaintiff's complaint based simply on the fact that it was "unopposed" because plaintiff had failed to file a brief in opposition. *Webb v. Morella*, 457 Fed. App'x 448, 452 n.4 (5th Cir. 2012). The Court must consider the merits of Plaintiff's complaint.

*See Twombly*, 550 U.S. at 555-56. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153-54 (5th Cir. 2010). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

      Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Fla. Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert*, 295 Fed. Appx. 713.[2]

      When considering a motion to dismiss, courts generally are limited to the complaint and

---

[2] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"—including public records. *Id.* Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citations and internal quotation marks omitted).

**II. Payne's Claims**

    A. RESPA Claim for Failure to Respond

Payne alleges that Seterus violated RESPA by failing to respond to his qualified written requests ("QWRs"). Pursuant to RESPA, "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days . . . ." 12 U.S.C. § 2605(e). Furthermore, a servicer shall not "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." *Id.* § (k)(1)(C).

Upon receipt of a QWR, RESPA obliges the servicer to respond as follows:

> **(2) Action with respect to inquiry**
> Not later than 30 days (excluding legal public holidays, Saturdays and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall–
>
>> **(A)** make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone

>>number of a representative of the servicer who can provide assistance to the borrower);
>
>**(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes–
>
>>**(i)** to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>>
>>**(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
>**(C)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes–
>
>>**(i)** information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>>
>>**(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

*Id.* § (e)(2).

In order to survive a motion to dismiss, a Plaintiff asserting a RESPA failure to respond claim must sufficiently allege that "1) Defendant is a loan servicer; 2) Defendant received a QWR . . . from Plaintiff; 3) the QWR relates to servicing of [a] mortgage loan; 4) Defendant failed to respond adequately; and 5) Plaintiff is entitled to actual or statutory damages." *Hudgins v. Seterus, Inc.*, No. 16-cv-80338-BLOOM/Valle, 2016 WL 3636859, *3 (S.D. Fla. June 28, 2016) (citations omitted). Seterus only challenges the last element, asserting that Plaintiff has not alleged sufficient facts to support a claim for damages under § 2605(f).

### i. Damages Under § 2605(f)

#### 1. Actual Damages

Section 2605(f) imposes liability for "any actual damages to the borrower" as a result of a RESPA violation. 12 U.S.C. § 2605(f)(1)(A). "To recover, a claimant must show that actual damages resulted from a RESPA violation." *Id*; *Hurd v. BAC Home Loans Serviving, LP*, 880 F.Supp.2d 747, 768 (N.D. Tex. 2012). In other words, Plaintiffs "must allege facts that plausibly demonstrate they sustained actual damages proximately caused by the alleged RESPA violations . . . ." *Henson v. Bank of Am.*, 935 F.Supp.2d 1128, 1145 (D. Co. 2013).

RESPA neither defines "actual damages" nor gives examples of what constitutes actual damages. Thus the court "look[s] to the plain meaning of the term." *Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-O, 2013 WL 6840022, *5 (N.D. Tex. Dec. 27, 2013) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993)). "The term 'actual damages' is synonymous with 'compensatory damages,' which is defined as 'such [damages] as will compensate the injured party for the injury sustained, and nothing more[.]'" *Hernandez*, 2013 WL 6840022, at *5 (quoting BLACK'S LAW DICTIONARY 390 (6th ed. 1990)).

First, Payne asserts that he twice paid $4.94 to send a correspondence via certified mail to Seterus. [doc. #28, ¶¶ 19, 20]. Courts have held that postage costs incurred after an incomplete or insufficient response to a QWR are actionable under RESPA. *Miranda v. Ocwen Loan Servicing, LLC*, 148 F.Supp.3d 1349, 1355 (S.D. Fla. 2015); *Rodriguez v. Seterus, Inc.*, No. 15-61253-CIV, 2015 WL 5677182, *2-3 (S.D. Fla. Sept. 28, 2015). Defendants respond by attaching two exhibits to their motion to dismiss purported to show that Plaintiff's postage costs were "unreasonably manufactured" because they were duplicative of faxes already sent to Seterus. [doc. #28, pp. 4-5].[3] Exhibit 1 is a faxed letter to Seterus, from Payne, dated November 9, 2015.

---

[3] Plaintiff referenced these correspondences in his complaint, so the Court may properly consider Defendant's exhibits while also preserving the Rule 12(b)(6) framework. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Exhibit 2 is a very similar correspondence that Payne mailed to Seterus on December 21, 2015.

The Court disagrees with Defendant's contention that Plaintiff's postage charges were "manufactured." Plaintiff has pleaded that, but for providing a payoff statement, Seterus ignored all three of his initial faxed communications and correspondences uploaded to Seterus's website. [doc. #1, ¶¶5-10]. After receiving no response, only then did Plaintiff mail two letters via certified mail to the Defendant and incur postage costs. *See id.* ¶ 9; doc. #27, ¶ 20. Contrary to Defendant's argument, Plaintiff had a reasonable basis for sending correspondence via certified mail when Seterus was wholly unresponsive to Plaintiff's faxes and online requests. In sum, Payne's postage costs resulted from Seterus' RESPA violation, *i.e.* its failure to respond. *Compare Giordano v. MGC Mortg., Inc.*, 160 F.Supp.3d 778, 780 (D. N.J. 2016) (no actual damages found for costs of postage and fees related to sending the initial matter—prior to any alleged violation); *and Skaggs v. HSBC Bank USA, N.A.*, No. 10-247, 2011 WL 3861373, *15 (D. Haw. Aug. 31, 2011) (no actual damages where Plaintiff sought costs of mailing a QWR itself, not any subsequent costs incurred by the failure to respond to that QWR).

Second, Payne asserts that "he assumes he was charged late fees and penalties but without statements from Seterus he cannot be sure." [doc. #28, ¶, 21]. Payne only guesses but does not explain how Seterus's failure to respond caused him to incur late fees and penalties. Without more, allegations of fees and penalties are insufficient to state a claim under RESPA. *Durland v. Fieldstone Mortg. Co.* No. 10CV125 JLS (CAB), 2011 WL 805924, *3 (S.D. Cal. Mar. 1, 2011).

Third, Payne asserts he ordered a credit report in March 2016, and learned that Seterus was reporting his account 60-89 days past due despite not having sent any statement to that effect to plaintiff. [doc. #28, ¶ 24]. He alleges that while recently purchasing a car for his wife, these adverse credit reports resulted in Plaintiff being declined by two loan companies and eventually

paying more than 8% interest on the car loan—a rate much higher than the rate advertised. *Id.* ¶ 26. Payne further asserts that he is "unable to determine the exact amount of the loss which he could have avoided if Seterus would send plaintiff statements concerning his loans with information about where to address billing issues." *Id.* ¶ 25.

"To constitute actual damages, the negative credit rating must itself cause damage to the plaintiff as evidenced by, for example, failing to qualify for a home mortgage." *Anokhin v. BAC Home Loan Servicing, LP*, No.2:10-CV-00395-MCE-EFB, 2010 WL 3294367, *3 (E.D. Cal. Aug. 20, 2010). Plaintiff alleges that Seterus' adverse credit reports resulted in him twice being denied a car loan, and ultimately paying a higher interest rate. Had Seterus responded properly, Payne could have possibly avoided damage to his credit and addressed billing issues. These allegations are sufficient to link the alleged damage to Defendant's alleged violation of RESPA. *See Durland*, 2011 WL 805924, at *3; *Anokin*, 2010 WL 3294367, at *3; *Hutchinson v. De. Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D. N.J. 2006); *Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, *12 (E.D. Pa. May 2, 2000) (holding that servicer would be liable for any resulting damages including any denial of credit because of the reporting of delinquent payments to credit reporting agencies). At this stage, Plaintiff need only allege facts showing that it is plausible that the claimed damages resulted from the Defendant's alleged violation of RESPA. *See Phillips v. Bank of Am. Corp.*, No. 5-10-CV-04561 EJ, 2011 WL 4844274, *5 (N.D. Cal. Oct. 11, 2011).

In sum, Plaintiff's RESPA claim for failure to adequately respond to the QWRs sets forth sufficient facts to support the element of actual damages.

### 2. Statutory Damages

To recover statutory damages, a plaintiff must plead a pattern or practice of

noncompliance with RESPA. *See* 12 U.S.C. § 2605(f)(1)(b). Some courts require Plaintiffs to provide documents or testimony to show that the servicer has a "standard or institutionalized practice" of RESPA violations. *See In re Holland*, No. 04-18099-JNF, 2008 WL 4809493, *11 (Bankr. D. Mass. Oct. 30, 2008). Other courts require Plaintiff to allege some RESPA violations "with respect to other borrowers." *Toone v. Wells Fargo, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013). There is no magic number of violations that create a "pattern or practice of noncompliance," but courts have held that two is insufficient. *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F.Supp.2d 430, 445 (E.D. N.Y. 2013). Some courts have held that allegations of five RESPA violations is sufficient to plead statutory damages. *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016); *Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 868-69 (N.D. Ill. 2002).

Like his original complaint, Plaintiff's amended complaint is devoid of any allegations that Seterus has a "standard or institutionalized practice" of RESPA noncompliance. He also fails to plead any violations with respect to other borrowers. The Court reiterates its original ruling that to the extent Plaintiff seeks statutory damages for Defendant's pattern or practice of noncompliance as to his own multiple requests, that claim fails. *See* doc. #22, pp. 12-13. While Plaintiff apparently sent three faxes and two letters, and also uploaded one of his letters to Seterus' website four separate times, all of these requests were sent within a very short time period (between November 10, 2015 and December 21, 2015). "Even if defendant's responses were inadequate, the essentially one time refusal to provide the requested information does not plausibly show a pattern or practice of RESPA violations by Defendant." *Id.* at 13.[4]

---

[4] Compare *Renfroe*, 822 F.3d at 1247 where Plaintiff pleaded specifics that Defendant had a practice of responding inadequately with boilerplate documents and objections not tailored to an individual's request. Plaintiff provided evidence of the "same generic form letter" sent to

B. Plaintiff's Other Claims Under TILA and RESPA

Plaintiff's original complaint asserted claims under 12 C.F.R. § 1024.35, 12 C.F.R. § 1026.36, 15 U.S.C. § 1639f, and 12 U.S.C. § 2609. As the Court found in its original ruling, there is no private right of action under 15 U.S.C. § 1639f or 12 U.S.C. § 2609. *See* doc. #22, pp. 13-15 (cases cited therein). Plaintiff's amended pleadings do not change this analysis. Thus, Plaintiff's claims under 12 U.S.C. § 2609 and 15 U.S.C. § 1639f are hereby dismissed.

Furthermore, as the Court found in its original ruling, there is no servicer liability under TILA, 12 C.F.R. § 1026.36(c)(1); liability is limited to creditors. *See* doc. #22, p. 13 (cases cited therein). Plaintiff's amended pleadings do not change this analysis. Thus, Plaintiff's claim under 12 C.F.R. §1026.36 is hereby dismissed.

Lastly, Payne's amended complaint does not change this Court's original analysis of his claim under 12 C.F.R. § 1024.35. Under § 1024, a servicer must provide a timely response to a borrower's written notice of error with respect to certain enumerated issues. 12 C.F.R. § 1024.35. Courts are split as to whether § 1024.35 provides a private right of action for damages. *Compare Miller v. HSBC BANK U.S.A., N.A.*, No. 13-7500, 2015 WL 585589, *11 (S.D. N.Y. Feb. 11, 2015); *with*, *Guccione v. JPMorgan Chase Bank, N.A.*, No- 14-4587, 2015 WL 1968114, *11 (N.D. Cal. May 1, 2015). But even if it did, Plaintiff has not identified any written notice of error that he provided to Seterus, to which Seterus failed to respond. Rather, Payne's amended complaint states, "Plaintiff is confident that defendant has not reported his credit accurately, but cannot send a notice of error without the information he would have on a monthly statement." [doc. #27, ¶ 27]. Without identifying a notice of error that Payne sent to Seterus, there simply

---

borrowers in three different cities. *Id*; and *Ploog*, 209 F.Supp.2d at 867 where violations spanned more than one year.

cannot be a basis for liability under 12 C.F.R. § 1024.35. As discussed *supra*, the undersigned finds that Plaintiff has plausibly pleaded a claim under RESPA for Seterus' failure to respond. Therefore, Plaintiff can vindicate his claim that Seterus allegedly reported his credit inaccurately under 12 U.S.C. § 2605. Plaintiff's claim under 12 C.F.R. § 1024.35 is hereby dismissed.

## CONCLUSION

For the above assigned reasons,

The motion to dismiss filed by Defendant Seterus [doc. #28] is hereby **DENIED** as to Plaintiff's claim under RESPA, 12 U.S.C. § 2605, for failure to respond adequately to Plaintiff's QWR's.

The remainder of Plaintiff's claims under RESPA, 12 C.F.R. § 1024.35 and 12 U.S.C. § 2609 are hereby **DISMISSED.**

Further, Plaintiff's claims under TILA, 15 U.S.C. § 1639f and 12 C.F.R. § 1026.36 are also hereby **DISMISSED**.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 26th day of October, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE