UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ROBERT CHARLES PAYNE, JR.** | \* | CIVIL ACTION NO. 16-0203 |
| **VERSUS** | \* | MAG. JUDGE KAREN L. HAYES |
| **SETERUS INC.** | \* | |

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [doc. # 48] filed by Defendant Seterus Inc. Plaintiff did not file a brief in opposition and the motion is therefore deemed unopposed.[1] *See* doc. #49. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to this case being referred to Magistrate Judge Karen L. Hayes for final decision. For reasons stated below, the motion is **DENIED**.

### Background

On February 12, 2016, Robert Payne Jr. filed the instant suit against Seterus Inc. ("Seterus") for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), and associated regulations. [doc. #1]. On March 21, 2016, Seterus filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [doc. #8]. On August 26, 2016, the Court provisionally granted Defendant's motion to dismiss, deferring entry of judgment to accord Plaintiff fourteen days to seek leave to amend his complaint if he could in good faith do so. [doc.

---

[1] A motion for summary judgment cannot be granted simply because there is no opposition. Seterus still has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the motion, irrespective of whether any response was filed. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 & n. 3 (5th Cir. 1995).

#22].

On September 13, 2016, Payne filed a supplemental complaint, adding eleven additional paragraphs to his original complaint. On September 23, 2016, Seterus filed a motion to dismiss Payne's supplemental complaint. [doc. #28]. Payne did not file an opposition.

On October 26, 2016, the undersigned granted in part and denied in part Seterus's motion to dismiss. [doc. #32]. The Court dismissed all of Plaintiff's claims,[2] except for his claim under RESPA, 12 U.S.C. § 2605, for Seterus's failure to adequately respond to Plaintiff's Qualified Written Requests ("QWRs"). *Id.* at 12.

On March 28, 2017, the Court granted Payne leave to file a second amended complaint wherein Payne asserted an additional cause of action against Seterus under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* [docs. #45, #46].

On June 22, 2017, Seterus filed a motion for summary judgment arguing that it adequately responded to Plaintiff's QWRs and, even if it did not adequately respond, Plaintiff has failed to adduce any evidence of actual damages resulting from Seterus's alleged RESPA violations. [doc. #48-1, p. 3]. Defendant also argues that Plaintiff's FCRA claim fails because Experian never notified Seterus of a credit dispute as is required in order to trigger Seterus's FCRA obligations. *Id.* at 5-6. Plaintiff did not file a response and the deadline to do so has lapsed. Thus, the matter is ripe for decision.

## Law and Analysis

**I. Summary Judgment Standard**

Summary judgment is appropriate when the evidence before a court shows "that there is

---

[2] The Court dismissed Plaintiff's claims under RESPA, 12 U.S.C. § 2609 and 12 C.F.R. § 1024.35, as well as his claims under TILA, 15 U.S.C. § 1639f and 12 C.F.R. § 1026.36.

2

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[3]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only

---

[3] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

"when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[4] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 14 F.3d 52 (5th Cir. Dec. 29, 1993) (unpubl.).

**II.    Payne's Claims**

<u>A. RESPA Claim for Failure to Respond Under 12 U.S.C. § 2605</u>

Payne alleges that Seterus violated RESPA by failing to timely and adequately respond to his QWRs. Pursuant to RESPA, "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days . . . ." 12 U.S.C. § 2605(e). Additionally, "[n]ot later than 30 days (excluding legal

---

[4]  I.e., beyond doubt.

public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request . . . the servicer shall—

> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

*Id.* § 2605(e)(2). Furthermore, a servicer shall not "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." *Id.* § (k)(1)(C).

To state a viable claim under § 2605(e), Payne must show that his correspondence(s) met the requirements of a QWR, that Seterus failed to make a timely and adequate response, and that Seterus's failure caused him actual damages. *See Williams v. Wells Fargo Bank, N.A.*, 560 F.App'x 233, 241 (5th Cir. 2014). Seterus concedes that it received QWRs from Payne. [doc.

#48-1, p. 4]. But Seterus argues that it adequately responded to Plaintiff's QWRs in a letter to Payne's bankruptcy counsel dated December 16, 2015. Seterus also asserts that Plaintiff has not established any evidence of actual damages resulting from Seterus's alleged failure to respond to his QWRs. The Court will address each argument in turn.

### A. Adequate Response

Seterus contends that it adequately responded to Plaintiff's QWRs by sending a letter to Payne's bankruptcy counsel dated December 16, 2015. The letter stated as follows:

> Dear Mr. Young
>
> On behalf of Seterus, Inc., I am responding to correspondence regarding the above-referenced borrowers. As our records indicate you represent the borrowers, we are forwarding our response to you for review. If you no longer represent Mr. Payne . . . , please send notice to the Correspondence address above or fax it to 877.649.0743.
>
> Mr. Payne . . . ha[s] requested that monthly Account Statements be sent to [him] directly as well as update the information reported to the credit agencies, as [he] has received a discharge of the Chapter 13 Bankruptcy.
>
> As our records indicate the Bankruptcy has been discharged and not yet terminated, we must decline the requests of Mr. Payne . . . . At this time, the loan is contractually due for the November 1 and December 1, 2015 installments, each in the amount of $932.87.
>
> If you have any questions, please contact our customer service department at our toll-free number above.
>
> Sincerely,
>
> Correspondence Response Team
> Seterus, Inc.

[doc. #48-3, Exh. B].

Seterus's response does not indicate that it made any "corrections" to Payne's account, nor did the response provide "a statement of reasons" for why it believes Payne's account was correct, so subsections (A) and (B) are not applicable. Arguably, Seterus's response can be

construed as a "written explanation or clarification that includes" "an explanation of why the information requested is unavailable," in compliance with subsection (C).

However, Seterus's response does not indicate that the requested information was "unavailable"; rather, Seterus refused to provide the requested information on the unfamiliar basis that Payne's bankruptcy was only discharged and not yet terminated at that time. Seterus provides no authority for the proposition that Payne's bankruptcy discharge prevented it from providing him with the requested information. *See, e.g., In re Jacques*, 416 B.R. 63, 72-73 (E.D. N.Y. 2009) (noting that debtors may assert a RESPA claim in the context of a bankruptcy case); *In re Thompson*, 350 B.R. 842, 852 (E.D. Wisc. 2006) (servicer violated § 2605(e) where bankruptcy debtors "never received any meaningful action on their requests."). Moreover, Seterus does not provide any reason to justify its refusal to transmit its response directly to Payne, as opposed to his bankruptcy counsel. *See Payne v. Seterus Inc.*, No. 16-203, 2016 WL 4521659, *5-*6 (W.D. La. Aug. 26, 2016); *see, e.g., In re Julien*, 488 B.R. 502, 504 (D. Mass. 2013) (servicer responding directly to bankruptcy debtor). Seterus's sole response to Payne's bankruptcy attorney does not establish that Seterus responded adequately to Plaintiff's QWRs.

Additionally, Seterus had a duty to provide a written response acknowledging receipt of Payne's correspondence within five days. This it did not do. Payne faxed a QWR to Seterus on November 10th, 17th, and 24th, 2015. He also mailed a copy of the QWR to Seterus on November 24th and December 21st, 2015. Seterus did not respond until December 16, 2015, and failed to even mention which correspondence to which it was responding. *See Pedleton v. Wells Fargo Bank, N.A.*, 993 F.Supp.2d 1150, 1152 (C.D. Cal. 2013) (denying motion to dismiss where Defendant failed to acknowledge receipt of Plaintiff's correspondence within five days); *In re Thompson*, 350 B.R. at 852 (servicer failed to comply with § 2605(e) where it untimely

7

acknowledged only one of five written requests).

As such, Seterus has failed to establish the absence of a genuine issue of material fact regarding whether its response sent to Payne's bankruptcy attorney was adequate and timely under RESPA.

### B. Actual Damages

Seterus also argues that Plaintiff has not established any evidence of actual damages resulting from Seterus's alleged failure to adequately and timely respond to his QWRs.

In its October 26, 2016, memorandum ruling on Seterus's motion to dismiss, the Court held that the $9.88 in postage costs that Payne incurred after an incomplete or insufficient response from Seterus constituted actual damages under RESPA. [doc. #32, p. 7]. Indeed, courts have held that postage costs incurred after an incomplete or insufficient response to a QWR are actionable under RESPA. *Miranda v. Ocwen Loan Servicing, LLC*, 148 F.Supp.3d 1349, 1355 (S.D. Fla. 2015) (holding that Plaintiffs may seek photocopying costs and postage costs incurred as a result of having to send additional correspondence due to Defendant's alleged failure to respond); *Cf. Steele v. Quantum Servicing Corp.*, No. 12-2897, 2013 WL 3196544, *8 (N.D. Tex. June 25, 2013) (noting that postal costs allegedly incurred by Plaintiffs in preparing and sending the initial QWR are not actionable because any such costs would have necessarily been incurred *before* the RESPA violation). The Court also held that Plaintiff's allegations that Seterus's adverse credit reports resulted in Payne twice being denied a car loan, and ultimately paying a higher interest rate, were sufficient to state a plausible claim for actual damages under Federal Rule of Civil Procedure 8. *Id.* at 8-9.

Even if Seterus's RESPA violations did not result in damage to Payne's credit during the relevant time period, Plaintiff's actual damages in the amount of postage costs are still in dispute.

Seterus contends that it attempted to remit payment for Plaintiff's postage costs, but Plaintiff has refused to provide the information necessary to process the payment. [doc. #48-4, Exh. C]. However, a "Rule 68 offer of judgment, once rejected, ha[s] no continuing efficacy" and "does not moot a plaintiff's case." *Sandoz v. Cingular Wireless, L.L.C.*, 675 F.App'x 448, 454 (5th Cir. 2017) (citing *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 665 (2016)). The same is true for a settlement offer not made under Rule 68. *See Ibe v. Nat'l Football League*, No. 11-248, 2014 WL 4906886, *11 (N.D. Tex. Sept. 30, 2014). Thus, there is a genuine dispute of material fact regarding whether Payne suffered actual damages as a result of Seterus's RESPA violation. Defendant is not entitled to judgment as a matter of law on Plaintiff's RESPA claim.

      B. FCRA Claim Under 15 U.S.C. § 1681s-2(b)

Payne alleges that Defendant violated the FCRA when it reported to Experian that Plaintiff's loan serviced by Seterus was 60 days past due in March 2016. [doc. #46, p. 1]. In his second amended complaint, Plaintiff contends that he notified Experian that the report was inaccurate and disputed, and that Experian then notified Seterus of the dispute. *Id.* Plaintiff argues that Seterus failed to note the fact on its report that Plaintiff disputed the alleged delinquency, and failed to properly investigate the dispute or correct the misinformation. *Id.* Plaintiff alleges that he has suffered in excess of $5,000.00 in damages as a result of Seterus's improper reporting of credit information. *Id.* at 2.

Congress enacted the FCRA, 16 U.S.C. §§ 1681-1681x, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201, 2205 (2007). The FCRA seeks to make "consumer reporting agencies exercise their grave responsibilities in assembling and evaluating consumers' credit, and disseminating information about consumers' credit with fairness,

9

impartiality, and a respect for the consumer's right to privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (internal citations omitted).

Pertinent to this case is § 1681s-2(b) of the FCRA which imposes duties on the sources—called "furnishers" under the statute—that provide credit information to credit reporting agencies. *Id.* Specifically, section 1681s-2(b) provides,

> **(b) Duties of furnishers of information upon notice of dispute**
>
> **(1) In general**
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–
>
> **(A)** conduct an investigation with respect to the disputed information;
>
> **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> **(C)** report the results of the investigation to the consumer reporting agency;
>
> **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> **(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of reinvestigation promptly–
>
> **(i)** modify that item of information;
>
> **(ii)** delete that item of information; or
>
> **(iii)** permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

Although the Fifth Circuit initially declined to reach the issue of whether there is a private cause of action under § 1681s-2(b), *see Young v. Equifax Credit Information Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002), it recently held that § 1681s-2(b) does create a private cause of action. *Jett v. Am. Home Mortg. Serv'g, Inc.*, 614 F.App'x 711, 713 (5th Cir. 2015) (unpubl.). Seterus argues that Payne has provided no evidence that *Experian* gave Seterus notice of a dispute. "Such notice is necessary to trigger the furnisher's duties under Section 1681s-2(b)." *Young*, 294 F.3d at 639 (holding that Plaintiff's § 1681s-2(b) claim failed as a matter of law because Plaintiff "point[ed] to no evidence tending to prove that Penney received notice of a dispute from a consumer reporting agency"); *Bank One, N.A. v. Colley,* 294 F.Supp.2d 864, 870 (M.D. La. 2003) (holding that Plaintiffs' § 1681s-2(b) claim failed because they did not submit any evidence that any consumer reporting agency ("CRA") notified the furnisher of a dispute); *Kennedy v. Victoria's Secret Stores, Inc.*, No. 03-2691, 2004 WL 2186613, *3 (E.D. La. Sept. 29, 2004) ("Plaintiffs do not allege that VS or WFNNB received notice of a dispute from a consumer reporting agency within five days, as is required to trigger their duties under Section 1681s-2(b).").

The Court agrees that Payne has pointed to no evidence that Seterus ever received notice of a dispute from *Experian*. *See* doc. #48-6, Exh. E, Dep. Robert Payne, pp. 70-72. However, as Seterus concedes, it did receive notice of a dispute from *Equifax* dated March 1, 2016. [doc. #48-1, p. 7 n. 5; doc. #48-5, Exh. D, Seterus's Response to Interrogatory No. 6]. Seterus apparently responded to that dispute, but the Court was not provided a copy of Seterus's response and necessarily has no way of determining whether Seterus's investigation and/or subsequent actions

11

satisfied its obligations under § 1681s-2(b). *See id.* The mere fact that Plaintiff's second amended complaint only mentions Experian, as opposed to Equifax, is insufficient to grant Defendant judgment as a matter of law. Seterus's obligations as they relate to Plaintiff were triggered upon notice of a dispute from *any* credit reporting agency. Accordingly, Seterus has failed to establish the absence of a genuine issue of material fact regarding whether it received notice of a dispute from a credit reporting agency and whether it adequately investigated Payne's dispute under the FCRA. Defendant is not entitled to judgment as a matter of law on Plaintiff's FCRA claim.

## CONCLUSION

For the above assigned reasons,

The motion for summary judgment filed by Defendant Seterus [doc. #48] is hereby **DENIED** in its entirety.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 26th day of July 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE